IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Criminal Action No. **3:12-CR-0190-L(04)** |
| | § | |
| **JUAN LUIS VILLA HERNANDEZ**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Request for the Court to Order the Government to Produce the Inmate Telephone Calls of Alleged Cooperating Conspirators as Jenks [sic] Act Material, filed October 22, 2012 and Defendant's Request for the Court to Review *In Camera* the Presentence Reports, Sentencing Transcripts, and Plea Colloquies of the Government's Cooperating Witnesses for Brady/Giglio Material, filed October 22, 2012. After careful review of the motions, responses, replies,[*] record, and applicable law, the court **denies** Defendant's Request for the Court to Order the Government to Produce the Inmate Telephone Calls of Alleged Cooperating Conspirators as Jenks [sic] Act Material and **grants in part**, and **denies in part**, Defendant's Request for the Court to Review *In Camera* the Presentence Reports, Sentencing Transcripts, and Plea Colloquies of the Government's Cooperating Witnesses for Brady/Giglio Material.

---

[*] On November 20, 2012, Defendant filed a Reply to the Government's Response to the Request for the Court to Order the Government to Produce the Inmate Telephone Calls of Alleged Cooperating Conspirators as Jenks [sic] Act Material and a Reply to the Government's Response to Request for the Court to Review *In Camera* the Presentence Reports, Sentencing Transcripts and Plea Colloquy's [sic] of the Government's Cooperating Witnesses for Brady/Giglio Material. The court considers both replies as improper because Defendant failed to seek leave of court before filing his replies as required by Local Rule of Criminal Procedure 47.1(f).

**Memorandum Opinion and Order - Page 1**

I.     **Procedural and Factual Background**

On May 23, 2012, Defendant Juan Luis Villa Hernandez and codefendants Mario Lopez, Jr., Sylvia Cardenas, Jorge Cortes, and Leonel Figueroa were arrested by local officers and special agents of Homeland Security Investigations ("HSI"), after attempting to purchase 27 kilograms of methamphetamine from an undercover officer. On June 20, 2012, the United States charged Defendant and his codefendants in a two-count indictment with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2. Of the five indicted defendants, three  Lopez, Cardenas, and Cortes  have since pled guilty and are awaiting sentencing. Hernandez and Figueroa are set for jury trial on January 7, 2013.

II.    **Defendant's Request to Order the Government to Produce the Inmate Telephones of the Alleged Cooperating Conspirators as Jenks [sic] Act Material**

   A.     **Contentions of Parties**

Defendant requests this court to order the government to produce the inmate telephone calls of his co-conspirators that have pled guilty. Def.'s Req. to Order the Government to Produce the Inmate Telephones of the Alleged Cooperating Conspirators as Jenks [sic] Act Material 1. In support of his motion, Defendant presumes that the coconspirators that have pled guilty are cooperating with the government, and, thus, argues that their jail calls constitute material required to be produced by the government under 18 U.S.C. § 3500 ( the "Jencks Act" or the "Act"). *Id.* at 1-2. In response, the government contends that Defendant's motion should be denied because Lopez's, Cardenas's, and Cortes's jail calls are not witness statements within the meaning of the Act,

nor are they in the government's possession. Government's Resp. to Def.'s Mot. to Order the Government to Produce the Inmate Telephone Calls of Cooperating Conspirators as Jencks Act Material 1. Instead, the government argues, Hernandez should use his subpoena power to obtain the requested calls on his own. *Id.*

### B.      Relevant Legal Standard

The Jencks Act requires the government to disclose any prior statement of a witness in its possession after the witness has testified on direct examination for the government, to the extent those statements relate to the subject matter of the witness's testimony. 18 U.S.C. § 3500(b). Under the Act, a "statement" is defined as: (1) a written statement signed or adopted by a witness, (2) a substantially verbatim recorded statement or transcription thereof, that was recorded contemporaneously with the making of such oral statement, or (3) a witness's grand jury testimony. 18 U.S.C. § 3500(e). "The Jencks Act is not restricted to statements in the hands of, or known to, the particular prosecuting attorney assigned to the case, the U.S. Attorney's office, the Criminal Section of the Justice Department, or even the entire Justice Department." *United States v. Ramirez*, 174 F.3d 584, 588 (5th Cir. 1999) (citations and internal quotation marks omitted). The duty of disclosure under the Jencks Act "affects not only the prosecutor, but the Government as a whole, including its investigative agencies." *United States v. Beasley*, 576 F.2d 626, 632 (5th Cir. 1978) (citations and internal quotation marks omitted). Because witness statements are not discoverable until after the witness testifies, the Jencks Act and Federal Rule of Criminal Procedure 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators. *See* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States,

no statement or report in the possession of the United States [that] was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); Fed. R. Crim. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.").

C. Analysis

Defendant contends that the recorded Bureau of Prisons ("BOP") inmate telephone calls of his alleged coconspirators are witness statements "in the possession of the United States" for the purposes of the Jencks Act. In support, he cites to *Ramirez*, where the Fifth Circuit held that BOP recordings of telephone conversations between two witnesses were "in the possession of the United States" within the meaning of the Act, when one witness was a BOP employee who initiated the investigation and was constantly involved in investigating the transaction that was the subject of the defendant's charges. 174 F.3d at 588. In response, the government argues that Defendant has failed to show that the recorded calls are "witness statements," and even assuming that they are statements, they are not statements "in the possession of the United States" within the meaning of the Jencks Act. According to the government, Defendant extends the limited holding in *Ramirez* too far. The court agrees.

The Fifth Circuit's holding in *Ramirez* turned largely on the fact that the BOP acted as the investigatory agent of the government in that case. *See id.* The defendant in *Ramirez* was charged with conspiracy to smuggle drugs into the federal prison at which her husband was incarcerated. *Id.* at 586. The government's case was based primarily on the testimony of two witnesses: a BOP

special investigations supervisor at the prison and an inmate who acted as an informant to the supervisor. Through written notes and telephone calls, the inmate informed the supervisor about the details of the impending transaction. Because "[t]here [wa]s no doubt that the Bureau of Prisons was part of the investigative team regarding this transaction," the Fifth Circuit held that the tapes of the telephone calls between the supervisor and the informant were in the possession of the BOP, and therefore were "in the possession of the United States" for purposes of the Jencks Act. *Id.* at 588.

In a subsequent case, *United States v. Moore*, 452 F.3d 382 (5th Cir. 2006) (per curiam), the Fifth Circuit again observed that BOP recordings of inmate telephone calls were "in the possession" of the government. Like *Ramirez*, the defendant in *Moore* was charged with conspiracy to smuggle drugs into the federal prison in which he was incarcerated. The court noted, "[t]he government possessed the tapes, though they were housed at the BOP, since the BOP acted as its investigatory agent." *Id.* at 387 n.15 (citing *Ramirez*, 174 F.3d at 588). Thus, whether the government is "in possession" of BOP-recorded inmate telephone calls turns on whether the agency involved acted as the government's investigatory agent in the investigation or prosecution of the case.

Here, there is no indication that the BOP acted as the government's investigatory agent in this case. HSI not the BOP initiated and was part of the investigative team involved in the investigation that led to Defendant's charges. The offenses for which Defendant is charged did not occur in prison. There is no allegation that the telephone calls were made to BOP agents. Because there does not appear to be any involvement on the part of the BOP in the investigation and prosecution of this case, the court finds that the telephone calls are not in the BOP's possession, and, thus, the government's constructive possession, for purposes of the Jencks Act. Moreover, to the

extent that Defendant seeks disclosure of witness statements during pretrial discovery, the government has no obligation to disclose such statements under the Jencks Act. The government is required to disclose witness statements only *after* the witness's direct examination testimony. *Ramirez*, 174 F.3d 587. Accordingly, the court denies Defendant's request for the government to produce the inmate telephone calls of his alleged coconspirators as Jencks Act material. If the Defendant seeks the disclosure of these recorded calls, he may use his subpoena power to obtain them. *See* Fed. R. Crim. P. 17(c).

**III.    Defendant's Request for the Court to Review *In Camera* the Presentence Reports, Sentencing Transcripts, and Plea Colloquies of the Government's Cooperating Witnesses for Brady/Giglio Material**

    **A.    Contentions of the Parties**

Defendant also requests the court to order the government to produce the presentence reports, addenda, objections to the presentence reports and the addenda, and the transcripts of the sentencing hearings of alleged cooperating coconspirators, which are currently under seal and unavailable to Defendant. Def.'s Req. for the Court to Review *In Camera* the Presentence Reports, Sentencing Transcripts, and Plea Colloquies of the Government's Cooperating Witnesses for Brady/Giglio Material 1. Defendant desires the court to review the documents *in camera* for *Brady* and *Giglio* material. *Id.* The government responds that these requests relate to materials already available to the court or materials that are publicly available, and, thus, there is no need to order the government to provide them to the court. Government's Resp. to Def.'s Req. for the Court to Review *In Camera* the Presentence Reports, Sentencing Transcripts, and Plea Colloquies of the Government's

Cooperating Witnesses for Brady/Giglio Material 1.  Moreover, the government does not object to the court reviewing the requested materials for *Brady* and *Giglio* material.  *Id.* at 2.

B.  **Relevant Legal Standard**

A presentence report is not a statement made by a defendant; it is a report that the probation officer makes for the court, compiled for the court's use in the sentencing process.  *United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1992); *United States v. Trevino*, 556 F.2d 1265, 1270 (5th Cir. 1977).  Thus, "presentence reports are not statements under the Jencks Act." *Jackson*, 978 F.2d at 909.  That a presentence report is not discoverable under the Jencks Act does not end the matter, however.  "[A] defendant ordinarily has a right to exculpatory or impeachment material that is contained in the presentence reports of his co-defendants." *Id.*  Courts, however, "have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988) (citations omitted).  As the Supreme Court explained:

> [O]ne reason for this is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated in the report.  A second reason is the need to protect the confidentiality of the information contained in the report.

*Id.* (citations omitted).  "Because presentence reports are necessarily confidential, the district court should examine the report in camera and release any exculpatory or impeachment material to the defendant while protecting the confidentiality of the rest of the report." *Jackson*, 978 F.2d at 909.

C.  **Analysis**

The government contends that it is unnecessary for the court to order the government to produce the presentence reports to the court for *in camera* review.  The court agrees.  The

presentence report is a report made for the court, and, therefore, belongs to the court. Fed. R. Crim. P. 32(c). All of Hernandez's codefendants' cases are pending in this court. Therefore, there is no need to order the government to provide the presentence reports of his codefendant to this court. Accordingly, Defendant's request for the court to order the government to produce the presentence reports for *in camera* inspection is denied. Furthermore, the court, in line with Fifth Circuit precedent, will examine the presentence reports *in camera* and release any exculpatory or impeachment material to the defendant. *Jackson*, 978 F.2d 909.

The government further asserts that there is no need for the court to order the government to provide transcripts of the sentencing hearings and plea colloquies of Hernandez's codefendants. The court agrees. Plea colloquies and sentencing hearings, unless closed, are public hearings and open to anyone, including Defendant's counsel, to attend. None of the codefendants' arraignments or rearraignments has been closed to the public, and no sentencing hearing has been closed to the public. Therefore, Defendant may, at his expense, attend or have the hearings transcribed for his review. It is not necessary  contrary to what the government seems to suggest  that Defendant have the hearings transcribed and provided to this court for *in camera* review. Defendant can review those documents himself. Accordingly, Defendant's request to order the government to produce these materials is also denied.

## IV. Conclusion

For the reasons herein stated, the court **denies** Defendant's Request for the Court to Order the Government to Produce the Inmate Telephone Calls of Alleged Cooperating Conspirators as Jenks [sic] Act Material and **grants in part**, and **denies in part**, Defendant's Request for the Court

to Review *In Camera* the Presentence Reports, Sentencing Transcripts, and Plea Colloquies of the Government's Cooperating Witnesses for Brady/Giglio Material. Specifically, the court **grants** the motion to the extent that it will review the presentence reports of Mario Lopez, Jr., Sylvia Cardenas, and Jorge Cortes, which are in its possession, to determine whether they contain *Brady* or *Giglio* material. In all other respects, the motion is **denied**.

Defendant raised for the first time, in his reply, the issue of his codefendants' plea agreement supplements being placed under seal. The court believes the request for the those documents at this juncture is premature. Moreover, the government recognizes its obligation to disclose such documents to Defendant at the appropriate time. If the plea agreement supplements and related documents are not disclosed in a timely manner, Defendant may reurge this request.

**It is so ordered** this 28th day of November, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge